1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

HALIMA H.,

7
                              Plaintiff,

8       v.

9    COMMISSIONER OF SOCIAL
     SECURITY,

10
                              Defendant.

Case No. 2:19-cv-01683

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12        Plaintiff has brought this matter for judicial review of Defendant's denial of her

13   application for disability insurance ("DIB") and supplemental security income ("SSI")

14   benefits.

15        The parties have consented to have this matter heard by the undersigned

16   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

17   MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

18   and the ALJ's decision is reversed and remanded for an award of benefits.

19                    I.        ISSUES FOR REVIEW

20        1.  Did the ALJ properly assess the medical opinion evidence?
          2.  Did the ALJ err in evaluating Plaintiff's symptom testimony?
21        3.  Did the ALJ err in assessing statements from lay witnesses?
          4.  Did the ALJ err at step three of the sequential evaluation?

22

23

24

25

1

## II.   BACKGROUND

2   On September 16, 2012, Plaintiff filed applications for DIB and SSI, alleging in

3   both applications a disability onset date of August 1, 2011. AR 20, 180-86, 187-97.

4   Plaintiff's applications were denied upon initial administrative review and on

5   reconsideration. AR 20, 113-15, 116-19, 122-23, 124-26. A hearing was held before

6   Administrative Law Judge ("ALJ") Cecilia LaCara on October 1, 2014. AR 37-60. On

7   February 4, 2015, ALJ LaCara issued a decision finding that Plaintiff was not disabled.

8   AR 17-32. On June 30, 2016, the Social Security Appeals Council denied Plaintiff's

9   request for review. AR 1-4.

10   On April 18, 2017, this Court issued an order reversing the ALJ's decision and

11   remanding this case for the ALJ to re-assess Plaintiff's testimony and the opinions of

12   Peresi Kahirimbanyi, M.D. and Richard Peterson, Ph.D. AR 910-28. On September 23,

13   2017, the Appeals Council vacated the ALJ's decision and issued an order remanding

14   the case for further administrative proceedings consistent with the Court's order. AR

15   931-34.

16   ALJ Laura Valente held new hearings on January 15, 2019 and July 25, 2019.

17   AR 844-72, 874-903. On August 21, 2019, ALJ Valente issued a decision finding that

18   Plaintiff was not disabled. AR 819-35.

19   Plaintiff seeks judicial review of the ALJ's August 21, 2019 decision. Dkt. 5.

20   ## III.   STANDARD OF REVIEW

21   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

22   denial of Social Security benefits if the ALJ's findings are based on legal error or not

23   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

24

25

1  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

2  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

3  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

4                                    IV.    <u>DISCUSSION</u>

5          In this case, the ALJ found that Plaintiff had the severe, medically determinable

6  impairments of multiple sclerosis, headaches, supraventricular tachycardia, asthma,

7  and depression. AR 825.

8          Based on the limitations stemming from these impairments, the ALJ found that

9  Plaintiff could perform a reduced range of light work. AR 827. Relying on vocational

10  expert ("VE") testimony, the ALJ found that Plaintiff could not perform her past relevant

11  work, but could perform other light, unskilled jobs at step five of the sequential

12  evaluation; therefore the ALJ determined at step five that Plaintiff was not disabled. AR

13  833-35, 864-67.

14          A.   <u>Whether the ALJ properly evaluated medical opinion evidence</u>

15          Plaintiff contends that the ALJ erred in evaluating medical opinions from treating

16  physician Peresi Kahirimbanyi, M.D. and Richard Peterson, Ph.D. Dkt. 11, pp. 3-10.

17          In assessing an acceptable medical source – such as a medical doctor – the ALJ

18  must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

19  either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

20  1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

21  849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

22  contradicted, the opinion can be rejected "for specific and legitimate reasons that are

23  supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

24

25

1  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

2  499, 502 (9th Cir. 1983)).

3          1.  Dr. Kahirimbanyi

4          On September 27, 2012, Dr. Kahirimbanyi noted that due to her cardiac

5  impairment, Plaintiff experienced shortness of breath with minimal activity, when

6  walking short distances, or when performing routine household chores. AR 311. Dr.

7  Kahirimbanyi opined that Plaintiff was "unable to work at present" and that this was

8  "very likely" due to her cardiac impairment, which "may be treatable." *Id.*

9          Dr. Kahirimbanyi offered a second opinion concerning Plaintiff's functional

10  limitations on September 29, 2014. AR 791-92. Dr. Kahirimbanyi diagnosed Plaintiff with

11  multiple sclerosis, moderate persistent asthma, and supraventricular tachycardia, and

12  opined that Plaintiff suffered from a range of symptoms, including bilateral leg pain,

13  frequent headaches, fatigue, and shortness of breath. AR 791. Dr. Kahirimbanyi opined

14  that increased activity would worsen Plaintiff's symptoms, and that if Plaintiff attempted

15  to work full-time, she would likely miss more than four days of work per month. AR 792.

16          The ALJ discounted the 2012 and 2014 opinions of De. Kahirimbanyi, and this

17  was harmful error.

18          The ALJ discounted Dr. Kahirimbanyi's September 2012 opinion, reasoning that:

19  (1) it was unclear concerning how long Plaintiff would be unable to work; and (2) Dr.

20  Kahirimbanyi's statement that Plaintiff would be unable to work is not a medical opinion,

21  but a legal conclusion reserved for the Commissioner of Social Security. AR 832.

22          With respect to the ALJ's first reason, a finding that a medical opinion does not

23  contain specific functional limitations, or is otherwise too vague to useful in making a

24

25

1    disability determination, can serve a specific and legitimate reason for discounting that

2    opinion. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding that

3    statement that the plaintiff would have "decreased concentration skills" was too vague to

4    be useful in the disability determination).

5              Dr. Kahirimbanyi's opinion that Plaintiff would be unable to work "at present",

6    taken in isolation, is vague because it does not define the length of time Plaintiff would

7    actually be disabled. However, Dr. Kahirimbanyi's September 2014 opinion provides

8    clarity – Dr. Kahirimbanyi opined Plaintiff had disabling physical limitations beginning in

9    August 2011, and that those limitations worsened over time. AR 791-92.

10             Regarding the ALJ's second reason for discounting the 2012 opinion -- that Dr.

11   Kahirimbanyi's statement that Plaintiff would be unable to work is not a medical opinion,

12   but a legal conclusion reserved for the Commissioner of Social Security -- this Court has

13   already determined that objective data supports Dr. Kahirimbanyi's opinion. A doctor's

14   opinion that it was unlikely that the claimant could sustain full-time competitive

15   employment is not a conclusion reserved to the Commissioner, but is "an assessment

16   based on objective medical evidence of [the claimant's] likelihood of being able to

17   sustain full-time employment given the many medical and mental impairments [claimant]

18   faces and her inability to afford treatment for those conditions.". *Hill v. Astrue*, 698 F.3d

19   1153, 1160 (9th Cir. 2012). In the 2017 remand order, this Court noted that Dr.

20   Kahirimbanyi based her opinion that Plaintiff would be unable to work on her

21   observations of Plaintiff, her review of the medical evidence, and interactions with other

22   medical providers. AR 919-21. *See generally, Stacy v. Colvin,* 825 F.3d 563, 567 (9th

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1    Cir. 2017) (Under law of the case doctrine, a court is prohibited from considering an

2    issue that was decided by that same court in the same case).

3          The ALJ also rejected Dr. Kahirimbanyi's September 2014 opinion, reasoning

4    that: (1) it was not entirely consistent with the record, (2) it was not consistent with the

5    results of Dr. Kahirimbanyi's own examinations; and (3) there was no evidence that

6    Plaintiff missed, cancelled, or re-scheduled treatment due to her symptoms, which

7    indicates she would not miss work as much as often as Dr. Kahirimbanyi's opinions

8    indicate. AR 832.

9          With respect to the ALJ's first two reasons, in its remand order, this Court

10   rejected ALJ LaCara's conclusion that Dr. Kahirimbanyi's opinions were inconsistent

11   with the medical record and her own treatment notes, finding that Dr. Kahirimbanyi

12   provided "countless" supporting medical records documenting Plaintiff's condition and

13   based her opinion upon repeated physical examinations and observations of Plaintiff,

14   her review of plaintiff's medical history and test results, and interaction and collaboration

15   with various other medical providers and specialists concerning Plaintiff's conditions. AR

16   29-30, 919-21.

17         While the record contains evidence submitted since Dr. Kahirimbanyi's 2014

18   opinion, much of the evidence ALJ Valente cited in support of this conclusion was

19   evidence available to ALJ LaCara in reaching her February 2015 decision -- and for the

20   reasons discussed above, cannot serve as a specific and legitimate reason for

21   discounting Dr. Kahirimbanyi's opinion. AR 832.

22         For the reasons discussed below in connection with Plaintiff's testimony, the

23   evidence submitted after ALJ LaCara's decision is also broadly consistent with Dr.

24

25

1   Kahirimbanyi's opinion; because this evidence is substantially similar to the evidence

2   available to ALJ LaCara, and because the ALJ in the present case relied heavily upon

3   ALJ LaCara's reasoning, the law of the case doctrine applies in this case. *See infra*

4   Section IV.B; *see also Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citations

5   omitted). The law of the case doctrine "is concerned primarily with efficiency, and should

6   not be applied when the evidence on remand is substantially *different*, when the

7   controlling law has changed, or when applying the doctrine would be unjust." *Id.*

8   (emphasis added).

9       As for the ALJ's third reason for rejecting Dr. Kahirimbanyi's 2014 opinion, Social

10  Security Ruling ("SSR") 16-3p provides that if an individual is not compliant with

11  prescribed treatment that might improve symptoms, an ALJ may use this non-

12  compliance to find that the alleged intensity of an individual's symptoms is inconsistent

13  with the record. SSR 16-3p; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)

14  ("[A]n unexplained, or inadequately explained, failure to . . . follow a prescribed course

15  of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.").

16      In this case, an ALJ discounted a physician's opinion because the Plaintiff

17  regularly attended medical appointments – this line of reasoning by an ALJ would

18  essentially place Social Security claimants in a no-win situation. Regardless of whether

19  the claimant fails to follow prescribed treatment, or complies carefully and follows it to

20  the letter, the ALJ may find claimant's symptom statements, or a treatment provider's

21  assessment, to be less than reliable. A claimant's routine visits to her physician cannot

22  serve as evidence that her complaints are less serious than alleged, unless the

23  circumstances of those visits indicate that Plaintiff is engaged in something other than a

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

1  diligent effort to address her ailments. The evidence in this case does not support such

2  a conclusion. *See infra* Section IV.B.

3  Here, there is not substantial evidence to support the ALJ's decision to discount

4  testimony and opinion evidence because Plaintiff diligently complies with appointments

5  and treatment to try and improve their condition  – if the ALJ's reasoning were upheld,

6  this would be a repudiation of SSR 16-3, and defies the principle underlying this SSR: A

7  Plaintiff should pursue treatment, if they can afford treatment the treatment is not a

8  problem in terms of side effects, and it is reasonably available. *See e.g.,  Carmickle v.*

9  *Commissioner, Social Sec. Admin.,* 533 F.3d 1155, 1162 (2008) (although an ALJ may

10  discount a plaintiff's credibility if the plaintiff does not comply with treatment, a plaintiff

11  who takes more conservative treatment than what has been recommended might have

12  good reason for doing so – the adverse side effects are one example of an important

13  reason that a plaintiff may choose not to take certain medications).

14  Accordingly, the ALJ has not provided specific and legitimate reasons, nor are

15  the reasons based on substantial evidence, for discounting Dr. Kahirimbanyi's opinions.

16  2. Dr. Peterson

17  Dr. Peterson examined Plaintiff on August 27, 2014 in connection with her

18  request for an exemption from the English language and/or civics requirements of the

19  U.S. citizenship exam due to her impairments. AR 605-15. During his examination, Dr.

20  Peterson observed that Plaintiff was so tired that she had to lie down on the couch, and

21  had difficulty holding her head up when she moved to the examination table. AR 607,

22  611. Dr. Peterson further observed that Plaintiff appeared confused, disoriented, and

23  incoherent, and her spouse, who served as a translator, stated that Plaintiff often had

24

25

1    difficulty remembering the names of her children, participating in family activities, or

2    tending to household chores. *Id.*

3         Dr. Peterson diagnosed Plaintiff with a mental disorder stemming from her

4    multiple sclerosis, which causes depression and a range of other symptoms, including

5    disturbances in cognition, perception, and sensation. AR 607, 609. Dr. Peterson opined

6    that because of her impaired cognition, perception, and memory, Plaintiff is totally

7    unable to participate in any learning environment, study material, commit new material

8    to memory, or recall information she once learned. AR 611.

9         The ALJ found that Dr. Peterson's opinion was inconsistent with the record,

10   which generally revealed few mental abnormalities. AR 833.

11        In its remand order, this Court found that ALJ LaCara erred in discounting Dr.

12   Peterson's opinion. AR 30, 923. Specifically, this Court found that Dr. Peterson's

13   opinion concerning Plaintiff's multiple sclerosis related symptoms and limitations was

14   consistent with his own objective findings and test results, observations, and objective

15   findings from other medical providers, including Dr. Kahirimbanyi and examining

16   psychologist Thomas Genthe, Ph.D. *Id.; see generally, Stacy v. Colvin,* 825 F.3d 563,

17   567 (9th Cir. 2017) (Under law of the case doctrine, a court is prohibited from

18   considering an issue that was decided by that same court in the same case).

19        Much of the evidence cited by ALJ Valente in discounting Dr. Peterson's opinion

20   was available to ALJ LaCara, and for the reasons cited in the Court's remand order, the

21   ALJ in the present case has not provided a specific and legitimate reason for

22   discounting it. AR 833.

23

24

25

1

B.  <u>Whether the ALJ erred in evaluating Plaintiff's symptom testimony</u>

2      Plaintiff contends that the ALJ did not provide clear and convincing reasons for

3   discounting her symptom testimony. Dkt. 11, pp. 12-14.

4      In its remand order, this Court found that in her February 2015 decision, ALJ

5   LaCara did not provide clear and convincing reasons for discounting Plaintiff's

6   testimony. AR 923-26. Specifically, this Court found that ALJ LaCara's finding -- that

7   Plaintiff's allegations concerning her multiple sclerosis and heart condition were

8   inconsistent with the medical record and Plaintiff's treatment history -- was not

9   supported by substantial evidence. *Id.*

10     In the present decision, ALJ Valente found that the updated evidence "does not

11  warrant a change in ALJ LaCara's analysis." AR 829.

12     For the reasons discussed above, this Court found that ALJ LaCara erred in

13  assessing Plaintiff's testimony concerning her multiple sclerosis and heart condition for

14  the period prior to her February 4, 2015 decision. AR 923-26. The Court similarly finds

15  that ALJ Valente erred in evaluating the new evidence concerning Plaintiff's

16  impairments, which indicates that Plaintiff continues to have ongoing symptoms related

17  to both conditions. AR 881-84, 889-91, 893-98, 1052-53, 1059, 1089-90, 1096-97,

18  1103-04, 1240, 1259-60, 1265, 1325-28, 1333-37, 1354-60, 1364-65, 1370-73, 1385-

19  86, 1389, 1392-93, 1398-99, 1487.

20     Defendant contends that the ALJ properly discounted Plaintiff's testimony by

21  citing evidence that she was malingering. Dkt. 12, p. 7. In the hearing decision, the ALJ

22  cited the results of a February 2, 2013 psychological examination conducted by Thomas

23  Genthe, Ph.D. AR 829, citing AR 324-31. The ALJ cited Dr. Genthe's observations that

24

25

1   the results of his examination were of "questionable veracity" given Plaintiff's minimal

2   cooperation and "dismal" effort. AR 829, citing AR 327, 330.

3          Affirmative evidence of symptom magnification, or malingering, relieves an ALJ

4   from the burden of providing specific, clear, and convincing reasons for discounting a

5   claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.2006); *Morgan v.*

6   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

7          The equivocal observations of one examining physician is not substantial

8   evidence to show any "affirmative evidence" of malingering, and the ALJ has not

9   provided clear and convincing reasons for discounting Plaintiff's symptom testimony.

10         C.  <u>Lay Witness Statements</u>

11         Plaintiff contends that the ALJ erred in evaluating a statement from her spouse.

12  Dkt. 11, pp. 11-12. When evaluating opinions from non-acceptable medical sources, an

13  ALJ may expressly disregard such testimony if the ALJ provides "reasons germane to

14  each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217,

15  1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R.

16  §§ 404.1502, 416.902.

17         Plaintiff's spouse testified at the January 15, 2019 hearing concerning Plaintiff's

18  symptoms and functional limitations. AR 893-899. The ALJ discounted this testimony,

19  reasoning that the symptoms and limitations Plaintiff's spouse described were similar to

20  those alleged by Plaintiff. AR 833.

21         For the reasons discussed above, the ALJ erred in evaluating Plaintiff's

22  testimony, and thus has not provided a germane reason for discounting the hearing

23  testimony from Plaintiff's spouse. *See supra* Section IV.B.

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    D.  <u>Whether the ALJ erred at step three of the sequential evaluation</u>

    Plaintiff contends that the ALJ erred at step three of the sequential evaluation by not considering whether Plaintiff's headaches met or equaled listing 11.02. Dkt. 11, pp. 10-11.

    At step three of the sequential evaluation, the ALJ must evaluate the claimant's impairments to determine whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If they do, the claimant is deemed disabled. 20 C.F.R §§ 404.1520(d), 416.920(d).

    Here, at step three of the sequential evaluation, the ALJ found that Plaintiff's headaches did not medically equal any listing, including listings 11.02B and 11.02D, regarding dyscognitive seizures because the medical evidence did not support the frequency, duration, and level of functional impairment defined by the regulations. AR 826.

    Plaintiff contends that she meets or equals listing 11.02 due to migraine headaches with photophobia and nausea occurring four to five times per week. Dkt. 11, p. 10. The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the listings. *Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

    The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the

claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400

F.3d 676, 683 (9th Cir. 2005).

Plaintiff has not presented any evidence to establish that her headaches meet or

equal listing 11.02, and the ALJ did not err at step three of the sequential evaluation.

E.  Remand for an Award of Benefits

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 11, p.

15. "'The decision whether to remand a case for additional evidence, or simply to award

benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682

(9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

ALJ makes an error and the record is uncertain and ambiguous, the court should

remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

at 668.

The Ninth Circuit has developed a three-step analysis for determining when to

remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative
> proceedings would serve no useful purpose; (2) the ALJ has failed to
> provide legally sufficient reasons for rejecting evidence, whether claimant
> testimony or medical opinion; and (3) if the improperly discredited
> evidence were credited as true, the ALJ would be required to find the
> claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element

is satisfied, the district court still has discretion to remand for further proceedings or for

award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

1    Here, the ALJ did not provide specific and legitimate reasons for discounting the

2  opinions of Dr. Kahirimbanyi and Dr. Richard Peterson, provide clear and convincing

3  reasons for discounting Plaintiff's testimony, or germane reasons for discounting

4  testimony from Plaintiff's spouse. The Court has already remanded this case once for a

5  re-assessment of this evidence.

6    The Court is mindful that simply providing another opportunity to assess

7  improperly evaluated evidence does not qualify as a remand for a "useful purpose"

8  under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22, citing

9  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to

10  decide the issue again would create an unfair 'heads we win; tails, let's play again'

11  system of disability benefits adjudication.").

12    If Plaintiff's testimony, and the opinions of Dr. Kahirimbanyi and Dr. Richard

13  Peterson were credited as true, particularly Dr. Kahirimbanyi's opinion that Plaintiff

14  would likely miss more than four days of work per month, the ALJ would be required to

15  find Plaintiff disabled on remand. AR 792, 868-71; *see Lingenfelter v. Astrue*, 504 F.3d

16  1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking

17  the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

18    Accordingly, remand for an award of benefits is the appropriate remedy.

19

20

21

22

23

24

25

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for an award of benefits.


Dated this 24th day of November, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15